**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 00-30472**
**Summary Calendar**
_____

**RANDY NUZUM; ET AL.,**

**Plaintiffs,**

**RANDY NUZUM; CRAIG BRIGALIA,**

**Plaintiffs-Appellants,**

**versus**

**MARATHON OIL COMPANY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(98-CV-3440-K)**
_____

March 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Primarily at issue in this Louisiana diversity action is whether Marathon Oil Company was negligent as a matter of law, thereby creating an unsafe work environment in which employees of an independent contractor, Turner Industries, Inc., allegedly received respiratory injuries.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In January 1998, three Turner employees — Garland Landry, and plaintiffs Randy Nuzum and Craig Brigalia — performed maintenance work at Marathon's oil refinery. During the welding process, the pipe on which they worked emitted smoke. Nuzum and Brigalia later were found to have respiratory injuries.

In response to interrogatories, the jury found Marathon *not* negligent.

Claiming our standard of review is *de novo*, Appellants/plaintiffs assert: the relevant facts are *not* disputed; that the issue is a purely legal question — whether Marathon's issuance of a "hot work" permit and/or its failure to appropriately test the area for toxic fumes after reported problems engendered a duty for which it can be held liable. They maintain the standard of review is *de novo*.

Fifth Circuit precedent does *not* explicitly state that a prerequisite to seeking a new trial on appeal is moving for a new trial in the district court. *But see **Wells Real Estate, Inc. v. Greater Lowell Board of Realtors***, 850 F.2d 803, 811 (1st Cir. 1998) ("Where the district court's ruling would call into play a discretionary matter, peculiarly appropriate for that court, it becomes more important to bring the error first to that court's attention. Thus, a motion for new trial must be made in the first instance before the trial court, particularly where the weight of the evidence is at issue.... Plaintiff here never moved for a new

trial, on weight of the evidence or any other ground. This claim too, then, has not been preserved for appeal." (ellipses and citations omitted)).

In any event, the issue of law at hand was *not* properly presented in district court. Needless to say, it is our court's "longstanding practice [to] refus[e] to consider issues raised for the first time on appeal, absent plain error". ***Douglas v. United Servs. Automobile Assoc.***, 79 F.3d 1415, 1422-23 (5th Cir. 1996); *see* ***Jones v. Jones***, 163 F.3d 285, 304 (5th Cir. 1998) ("No authority need be cited for the rule that issues raised for the first time on appeal are reviewed only for plain error.").

For two reasons, we conclude *no* error, plain or otherwise, has occurred in submitting the case to the jury: first, under Louisiana law, factual issues were implicated in the duty inquiry; second, even if a duty existed, the issue of Marathon's negligence was properly submitted to the jury because the elements of causation and injury implicated factual questions.

Under Louisiana law, "in order to prevail in a negligence action, a plaintiff must prove: 1) the conduct in question was the cause-in-fact of the resulting harm; 2) defendant owed a duty of care to plaintiff; 3) the requisite duty was breached by the defendant; 4) the risk of harm was within the scope of protection afforded by the duty breached". ***Peterson v. Gibralter Savs. & Loan***, 733 So. 2d 1198, 1203-04 (La. 1999). Appellants are correct

3

in stating that, "whether a duty is owed is a question of law", *id.* at 1204; however, this simply means the court must instruct the jury in the applicable duty, ***Boykin v. Louisiana Transit Co., Inc.***, 707 So. 2d 1225, 1231 (La. 1998) ("Duty generally is a question of law, and the judge will instruct the jury in a jury trial on the applicable duty or will apply that duty in a bench trial."). "The existence of a duty and the scope of liability resulting from a breach of that duty must be decided according to the facts and circumstances of the particular case." ***Fowler v. Roberts***, 556 So. 2d 1, 7 (La. 1990). Therefore, the inquiry into the mere existence of duty involved factual questions.

Furthermore, even assuming Marathon owed plaintiffs a duty, factual questions remained as to the breach of that duty and the cause of plaintiffs' injuries. And finally, the credibility of Nuzum's and Brigalia's testimony was at issue; of course, credibility is a jury issue. *E.g.,* ***United States v. Restrepo***, 994 F.2d 173, 182 (5th Cir. 1993) ("The jury is the final arbiter of ... the credibility of witnesses.").

Because the issue of Marathon's negligence involved factual questions, the district court did not err in submitting the case to the jury, and the judgment of the district court is

*AFFIRMED*

4